| | |
|---|---|
| Your Name: | Bobbie Allen Woods |
| Address: | 769 Douglas Street, Hayward CA 94544 |
| Phone Number: | 510-303-5690 |
| Fax Number: | 510-727-9958 |
| E-mail Address: | |
| Pro Se Plaintiff | Bobbie A Woods |

FILED

JAN 09 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Bobbie Allen Woods | Case Number   19-cv-01350-JCS |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| City of Hayward; Hayward Police Department | DEMAND FOR JURY TRIAL |
| Hayward Police Officer B. Tong, Badge #226; | Yes ☐ No X |
| Sergeant Polar; DOES 1-20 | |
| Defendants. | |

**PARTIES**

PLAINTIFF

Name:_____ Bobbie Allen Woods _____

Address:_____769 Douglas Street, Hayward, CA 94544_____

Telephone:____510-303-5690_____

DEFENDANTS

1.    Defendant B. Tong, a Hayward Police Officer employed by the City of Hayward

2.    Defendant  Polar,  a Hayward Police Sergeant employed by the City of Hayward

FIRST AMENDED COMPLAINT
PAGE __1Page 1 of 13_ OF _13__ *[JDC TEMPLATE – Rev. 05/17]*

3.      Defendant City of Hayward is the public entity and was at all relevant times the public employer of all individual defendants.

4.   Defendant Hayward Police Department is the public entity that directly employed law enforcement personnel, Defendants DOES 1 through 20, and was responsible for their hiring, training, and supervision.

5.      Defendants Does 1-20 are officers or other employees of the City of Hayward and Hayward Police Department who are responsible for the injury claimed in this First Amended Complaint. Their true names and identities are not currently known at this time.

## JURISDICTION

6.      My case belongs in federal court under federal question jurisdiction because it arises under 42 U.S.C. §1983 and the Americans with Disabilities Act.

## VENUE

7.      Venue is appropriate in this Court because a substantial part of the events I am suing about happened in this district.

## INTRADISTRICT ASSIGNMENT

8.      This lawsuit arose in Alameda County and it has been assigned to the San Francisco Division of this Court.

## STATEMENT OF FACTS

9.      I, Bobbie Allen Woods, am a seventy year old Afro-American, 100% disabled service connected United States Air Force Vietnam Era veteran. I retired from the United States Postal Service in 03/2009 because of my service-connected disability and have been domiciled in a wheelchair since that time. I receive treatment for my service connected condition at the Palo Alto Veteran Hospital Services in Palo Alto, California.

10.     Plaintiff has lived at current 769 Douglas Street, Hayward, CA. address since December 1999 after purchasing it, and have rented out two rooms in my home through the Alameda

Housing Authority (Section 8) to Nashi Mixon-Alexander and her two children, ages 5 and 14, since approximately 11/1/2015.

11.     Ms. Mixon-Alexander and her two children are also African American.

12.     Additionally, plaintiff's tenant Ms Mixon-Alexander is his certified caregiver employed through Home Aide HomeCare located in Hayward, and paid through the Veteran Administration in Palo Alto, California. Plaintiff also employs Ms Mixon-Alexander on the days she isn't employed by Home Aide HomeCare.

13.     On 03/15/2018 at approximately 05:42 a.m., plaintiff was awakened by a loudspeaker advising that my residence at 769 Douglas Street was surrounded and that all residents come out with your hands up. This command was repeated several times, followed seconds later by a loud bomb like explosion.

14.     Upon hearing the loudspeaker and the explosion, Plaintiff struggled to get out of bed due to his disability, and to alert other residents in my home.

15.     Plaintiff was extremely frightened by the loudspeaker commands and bomb-like sound, and he hurt his neck and elbow trying to get out of bed.  While it usually takes Plaintiff about five minutes to carefully get out of bed and into his wheelchair, he was so frightened by the explosion that he rushed and injured himself in the course of getting into his wheelchair.

16.     As Plaintiff, Ms. Mixon-Alexander, and her 14-year-old son approached the front door to exit, we were addressed individually by name by a loudspeaker to come out with your hands over your heads; first Ms Mixon-Alexander and then her two sons were repeatedly directed to come out with their hands over his heads while neighbors shouted that her youngest son was only five years old!  The youngest son remained sleeping in his bed.

17.     After Ms. Mixon-Alexander and her 14-year-old exited, Plaintiff was sitting at the front door and Plaintiff kept yelling that he is disabled and cannot raise his hands. Plaintiff's neighbors yelled the same as well. Eventually a light was shined upon Plaintiff and he was allowed

FIRST AMENDED COMPLAINT
PAGE __1Page 3 of 13_ OF _13__  *[JDC TEMPLATE – Rev. 05/17]*

to wheel out of his house without raising his hands while Swat Team Police pointed automatic assault rifles toward his head.

18. At this time, Ms. Mixon-Alexander's 5-year-old son remained asleep in the home, and Plaintiff, our neighbors, and the child's mother pleaded to get him out before they entered the home, fearing he might wake in affright and get shot and killed, but these requests were denied.

19. After exiting, Plaintiff was verbally directed ("ride this way" and "go that way") by armed Hayward police officers to drive his wheelchair half a block up the street, and then Plaintiff was ordered to "park right there." Plaintiff was then guarded by two officers who had visible guns in their gun-belts. Plaintiff was shivering cold because he only had on a light night shirt, and his muscular dystrophy makes him especially sensitive to cold temperatures. When plaintiff is cold, his hands and body cramp up and he experiences pain.

20. Plaintiff was confused about what was happening and repeatedly asked the officers guarding him to allow him back into his living room. Plaintiff also repeatedly requested a jacket or blanket from his home from the two officers who were guarding him, but these requests were denied for almost (45) forty-five minutes.

21. After about 30 minutes, Plaintiff was offered a yellow body tarp bag which, along with the exploding simulated bomb that was set off outside his home, triggered Plaintiff's PTSD from seeing body bags frequently while serving in the military in the Vietnam War.

22. Plaintiff is being treated through the Veteran Administration Health Care System for PTSD related to his military service in Vietnam. Plaintiff's PTSD from the Vietnam War results in severe apprehension, nervousness, self-doubt, and sleep problems, among other things.

23. Plaintiff also made several requests to speak with supervising officers and see the search warrant but was denied until search was over and officers were preparing to leave. Two

FIRST AMENDED COMPLAINT
PAGE __1Page 4 of 13_ OF _13__ *[JDC TEMPLATE – Rev. 05/17]*

officers identified themselves as supervising the raid as Officer B. Tong, # 226, and Sgt. Polar of the Hayward Police Department.

24. The following is an approximate timeline of the events:

    a.  05:42 a.m., Swat Team Arrived, made announcements, and then seconds later set off bomb like explosion

    b.  05:48 Ms Mixon-Alexander exits front door hand raised in night shirt,

    c.  05:51 Ms. Mixon-Alexander's 14-year old exits front door hand raised,

    d.  05:56 I exit front door after convincing Swat Team Officers I couldn't raise my arms because of my disability,

    e.  05:58 six Swat Team Officers with automatic assault rifles pointed out in front of them enter front door while Ms. Mixon-Alexander's five year old was still asleep in bedroom and his mother pleading to get him out before they enter fearing he might wake in affright and get shot and killed, but was denied.

    f.  06:02 Swat Team officers clear house and back yard.

    g.  06:03 Swat Team officers exit house.

    h.  06:07 Ms Mixon-Alexander in to dress and get her five-year old son

    i.  06:44 Ms Mixon-Alexander and I are allowed to return to front room,

    j.  06:58 Officers leave.

25. The officers were disrespectful for not considering my disability, my age, and the age of the children, as well as searching female renter Ms Mixon-Alexander by male officers while female officers were available on the scene.

26. Both Plaintiff and Ms. Mixon-Alexander, were actively involved with Ms. Mixon-Alexander's 14-year-old child's Probation Officers, the Hayward Police Department, the Juvenile District Attorney Office and Hayward Unified School District officials to monitor his behavioral issues, and we were not complicit with his activities in any manner; we posed no threat to the officer's safety. More specifically, prior to the

execution of the search warrant, Plaintiff had worked closely Hayward law enforcement officials, who had come into Plaintiff's home with Plaintiff's consent so that we could all work together to help Ms. Mixon-Alexander's son with behavioral issues caused by a mental health condition.

27. Because Plaintiff had worked closely with Hayward law enforcement officials, the Hayward Police Department and the officers executing the search warrant knew or should have known about Plaintiff's disability prior to executing the search warrant in an excessive manner.

28. The search warrant was issued on March 7, 2018, but it was not executed until March 15, 2019, giving the City of Hayward and Hayward Police Department sufficient time to investigate if occupants were capable of complying with instructions and not engage in excessive police practices that could potentially result in harm or death. The use of force was excessive, reckless, a depiction of criminality, defamed Plaintiff's character in his neighborhood and depreciation of self.

29. Plaintiff believe that if I were a white veteran with same profile the warrant would not have been conducted in the manner as outlined.

30. Following this incident, plaintiff filed a government claim with the City of Hayward on August 17, 2018, which was denied on September 25, 2018. *See* Exhibit A.


31.     **CLAIMS**

**First Claim**

**Violation of 42 U.S.C. §1983 and Fourth Amendment – Unreasonable Seizure**

Against Defendants City of Hayward, Hayward Police Department, Polar, Tong, and Does 1-20

32. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 31, above, as if set forth fully below.

FIRST AMENDED COMPLAINT
PAGE __1Page 6 of 13_ OF _13__ *[JDC TEMPLATE – Rev. 05/17]*

33.     Defendants Polar, Tong, and Does 1-20 seized Plaintiff by ordering him to exit his home while pointing guns at his head, verbally ordering him to drive his wheelchair half a block up the street and park, assigning two officers with weapons to guard Plaintiff at the location half a block up the street and standing in the way of his wheelchair's movement, denying Plaintiff's repeated requests to be allowed to return to his home during the search, and denying Plaintiff's repeated requests for a blanket or jacket.  Plaintiff did not feel free to leave under these circumstances, nor would any reasonable person feel free to leave under circumstances where they were ordered out of their home at gunpoint, taken half a block up the street, guarded by two officers with visible weapons at their sides, and had multiple requests denied.

34.     Additionally, Plaintiff could not leave under these circumstances given that he had been ordered out of his home at dawn in extremely cold temperatures without adequate clothing or necessary assistive devices to go anywhere else.

35.     In seizing Plaintiff, Defendants Polar, Tong, and Does 1-20 acted intentionally.

36.     The seizure of Plaintiff was unreasonable given Plaintiff's age, known disabilities, the amount of time Plaintiff was required to remain outside in the cold in March in his nightclothes, and that Plaintiff was not a subject of the search warrant.

37.     Defendant City of Hayward ratified the conduct of the individual defendants in seizing Plaintiff in the manner in which he was seized. Plaintiff filed a complaint with the police department regarding his treatment. The City responded to the complaint by expressly approving of the officers' conduct and finding no violations of city policy.

**Second Claim**

**Violation of 42 U.S.C. §1983 and Fourth Amendment – Unreasonable Search**

Against Defendants City of Hayward, Hayward Police Department, Polar, Tong, and Does 1-20 searched Plaintiff's home.

38. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 37, above, as if set forth fully below.

39. In conducting the search, Defendants acted intentionally.

FIRST AMENDED COMPLAINT
PAGE __1Page 7 of 13_ OF _13__ *[JDC TEMPLATE – Rev. 05/17]*

40. The execution of the search was unreasonable given that it was initiated by a device that created a bomb sound at approximately five in the morning before yelling by name for Plaintiff, his tenant, and her five year old son (none of whom were subjects of the warrant) and pointing numerous weapons at Plaintiff as he exited his home in his wheelchair and came down the wheelchair ramp.

41. The execution of the search was unreasonable also given that it was performed of the entire house, even though the supposed subject of the warrant was a minor individual whose family was renting two rooms from Plaintiff.

42. The search was unreasonable also given plaintiffs personal area and items were examined without plaintiff's permission and warrant did not mention Plaintiff as subject of the warrant. Personal and proprietary items in Plaintiff's bedroom and office were examined and removed.  The warrant was for the search and seizure of 14 year old who resided in one room in the home.

43. The execution of the search warrant was unreasonable given that Plaintiff and Ms. Mixon-Alexander were fully cooperative with Hayward law enforcement officials prior to the search, even consenting to search of the 14-year-old's bedroom without a warrant on previous occasions.  It was unreasonable and excessive to execute the search warrant in the manner described above given Plaintiff and Ms. Mixon-Alexander's cooperation, lack of exigency given the amount of time that passed between the securing of the warrant and execution of it, as well as the fact that Hayward law enforcement officials knew of Plaintiff's disabilities prior to execution of the warrant.

44. Defendant City of Hayward ratified the conduct of the individual defendants in searching Plaintiff's home in the manner described herein. Plaintiff filed a complaint with the police department regarding the unreasonableness of the search. The City responded to the complaint by expressly approving of the officers' conduct and finding no violations of city policy.

**Third Claim**

**Violation of ADA, 42 U.S.C. § 12101, et seq.**

Against Defendants City of Hayward and Hayward Police Department

45. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 44, above, as if set forth fully below.

46. Plaintiff is a qualified individual with a disability, including muscular dystrophy, a condition which is exacerbated by cold.

47. Defendants knew that Plaintiff was disabled, including specifically that he had muscular dystrophy and that this condition is exacerbated by cold because he told them so repeatedly.

48. Plaintiff requested an accommodation for his disability, specifically; that he be allowed to sit inside his home while the search was conducted.

49. Defendants refused to provide Plaintiff with a reasonable accommodation.

50. Plaintiff was harmed by this refusal.

**Fourth Claim**

**Negligence**

Against Defendants City of Hayward, Hayward Police Department, Polar, Tong, and Does 1-20

51. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 50, above, as if set forth fully below.

52. Plaintiff complied with the California Tort claims Act by filing a government claim with the City of Hayward on August 17, 2018, which was denied on September 25, 2018. See Exhibit A.

53. The conduct of Defendants Polar, Tong, and Does 1-20, employees of Defendant City of Hayward, was negligent in the manner in which they initiated and engaged in the search and in the manner in which they seized Plaintiff and searched Plaintiff's home. Prior to execution of the search warrant, Plaintiff had invited both Alameda County Juvenile Probation Officers and Hayward Police Officers into his home, while the 14 year old was

present and absent, even to conduct a search of his room and personal items; backpack, etc., when requested.  Hayward officers knew or should have known of Plaintiff's disability and the risk posed by executing the search warrant in the manner it was executed.

54. Plaintiff was harmed by this conduct.  Because of abusive and excessive force used during search Plaintiff has a lost self esteem, creative energy for writing poetry, etc. As a totally disabled person Plaintiff now have more bouts of despondency and PTSD episodes that were previously offset by positive self esteem and writing.

55. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

## Fifth Claim

## Intentional Infliction of Emotional Distress

Against Defendants City of Hayward, Hayward Police Department, Polar, Tong, and Does 1-20

56. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 55, above, as if set forth fully below.

57. Plaintiff complied with the California Tort claims Act by filing a government claim with the City of Hayward on August 17, 2018, which was denied on September 25, 2018. See Exhibit A.

58. The conduct of Defendants Polar, Tong, and Does 1-20, employees of Defendant City of Hayward was outrageous and dangerous: no imminent danger was posed to the investigating officers or the public, Defendants took no notice or investigation to determine if occupants would be able to safely comply with swat officers instructions because of age, disability, or medical condition.  Plaintiff was ordered to sit out in the street for 45 minutes in front of neighbors who were shocked and horrified at this treatment, Plaintiff was refused protection from the cold while all officers wore

appropriate dress for cold weather; the officers guarding plaintiff wore jackets and gloves.

59. Defendants Polar, Tong, and Does 1-20 intended to cause Plaintiff emotional distress.

60. Plaintiff suffered severe emotional distress and now needs more therapy to alleviate despondency symptomatic of PTSD. Plaintiff was defamed as result of having approximately 20 Hayward Police Officers order him out of the home he has owned for 20 years, made to sit out in the street for 45 minutes in front of neighbors, refused protection from the cold while all officers wore appropriately dress for cold weather with jackets, gloves, etc.

61. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

### Sixth Claim

### Invasion of Privacy

Against Defendants City of Hayward, Hayward Police Department, Polar, Tong, and Does 1-20

62. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 61, above, as if set forth fully below.

63. Plaintiff complied with the California Tort claims Act by filing a government claim with the City of Hayward on August 17, 2018, which was denied on September 25, 2018. See Exhibit A.

64. Plaintiff had a reasonable expectation of privacy in his home.

65. Defendants Polar, Tong, and Does 1-20 intentionally intruded in Plaintiff's home.

66. Defendants' intrusion would have been highly offensive to a reasonable person.

67. Plaintiff was harmed that because of excessive force used renter, Ms Mixon, is moving out of home and City of Hayward because she doesn't feel safe in home any longer, also feels she too has been victimized by manner of search. The loss of rental income is $24,000 annually. Additionally, as described above, the outrageous manner of the search

FIRST AMENDED COMPLAINT
PAGE __1Page 11 of 13_ OF _13__ *[JDC TEMPLATE – Rev. 05/17]*

caused immediate and lasting physical and emotional harm to Plaintiff, including exacerbation of muscular dystrophy symptoms caused by cold, and exacerbation of Plaintiff's PTSD.

68. Defendants' conduct was a substantial factor in causing Plaintiff's harm and could have been mitigated if Hayward Police Department hadn't set off explosive device or set me out in morning cold for over forty-five minutes.

FIRST AMENDED COMPLAINT
PAGE __1Page 12 of 13_ OF _13__ *[JDC TEMPLATE – Rev. 05/17]*

1

**DEMAND FOR RELIEF**

2    1. For general damages according to proof;

3    2. For special damages according to proof;

4    3. For punitive damages against each Defendant officer (Does 1-20), according to proof;

5    4. For costs of suit and reasonable attorneys' fees pursuant to statute; and

6
7    5. For all other relief to which they may be legally entitled, including equitable relief: The
8
9         incident on 03/15/2018 has left me traumatized, defamed, and distrustful toward the City of
10
          Hayward and its Police Department and Officers' ability to equitably execute its duties
11
          toward citizens respective of their physical and mental condition as well as their race and
12
13        age. Provide training to not profile citizens or engage in excessive and unreasonable searches
14
          and seizures because of race, and recognize inherent dangers to innocent occupants in a home
15
          in a search warrant; because of their age,(young or old) or physical or mental disabilities. If
16
          the Court recognizes the potential for harm or death when excessive force is used, and as
17
18        outlined in this complaint as stated, determine behavior to be unduly perilous and reprimand
19
          practice. I request monetary compensation in the amount of $650,000 so that I can relocate to
20
          an area offering me a peace of mind away from excessive police force and racial profiling. I
21
          believe that if I were a white veteran with same profile the warrant would not have been
22
          conducted in the manner as outlined.
23

24                              Respectfully submitted,
25
26    Date:    January 9, 2020        Sign Name: _Bobbie A. Woods_
27
                                      Print Name:    Bobbie A. Woods
28

FIRST AMENDED COMPLAINT
PAGE _13_ OF _13_ *[JDC TEMPLATE – 05/17]*



C I T Y   O F

# HAYWARD

H E A R T   O F   T H E   B A Y

## NOTICE OF REJECTION OF CLAIM

Bobbie A Woods
769 Douglas St
Hayward CA 94544

| | | |
|---|---|---|
| Re: | Claim No.: | 18067 |
| | Claimant: | Woods, Bobby |

NOTICE IS HEREBY GIVEN that the claim(s) for money and/or damages against the City of Hayward which you presented to the City Clerk of the City of Hayward on August 17, 2018, was rejected by the City of Hayward on September 25, 2018.

### WARNING

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file an action in California state court on this claim. (See California Government Code, section 945.6.) This warning does not apply to statutes of limitations for federal causes of action.

You may seek the advice of an attorney at law of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please also be advised that pursuant to sections 128.5 and 1038 of the California Code of Civil Procedure, the City of Hayward will seek to recover all costs of defense in the event a legal action is filed in the matter and it is determined the action was not filed in good faith and with reasonable cause.

Dated: September 25, 2018

City Clerk of the City of Hayward

By: _Roxanne J. Epstein_

Deputy City Clerk

# EXHIBIT A



# CITY OF
# HAYWARD
### HEART OF THE BAY

## NOTICE OF REJECTION OF CLAIM

Bobbie A Woods
769 Douglas St
Hayward CA 94544

|  | Re: | Claim No.: | 18067 |
| --- | --- | --- | --- |
|  |  | Claimant: | Woods, Bobby |

NOTICE IS HEREBY GIVEN that the claim(s) for money and/or damages against the City of Hayward which you presented to the City Clerk of the City of Hayward on August 17, 2018, was rejected by the City of Hayward on September 25, 2018.

### WARNING

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file an action in California state court on this claim. (See California Government Code, section 945.6.) This warning does not apply to statutes of limitations for federal causes of action.

You may seek the advice of an attorney at law of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please also be advised that pursuant to sections 128.5 and 1038 of the California Code of Civil Procedure, the City of Hayward will seek to recover all costs of defense in the event a legal action is filed in the matter and it is determined the action was not filed in good faith and with reasonable cause.

Dated: September 25, 2018

City Clerk of the City of Hayward

By: _Roxanne J. Epstein_

Deputy City Clerk