UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBIE ALLEN WOODS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF HAYWARD, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01350-JCS<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 91, 92 |

　　　　Plaintiff Bobbie Allen Woods seeks production of Defendant the City of Hayward's policy regarding police officers' use of body-worn cameras that was in effect at the time of Woods's alleged detention by Hayward police officers on March 15, 2018.[1]  According to Woods, the policy is relevant to understanding why footage has not been produced from all officers present during the alleged detention, and to determine what inferences might be drawn from officers' decisions to activate or not to activate their cameras at the time.  Defendants contend that the policy is irrelevant to the reasonableness of Woods's alleged detention and Woods has not exhausted other avenues to determine whether all of the officers at issue were equipped with cameras.

　　　　While the policy is unlikely to be directly relevant to the reasonableness of the alleged detention, and failure to activate a camera in accordance with applicable policy would not in itself render a detention unreasonable, Woods is correct that there is at least some potential relevance to understanding when officers are expected to activate their cameras and what inferences might be drawn from officers' decisions whether to do so, including with respect to one of the individual defendants from whom footage has not been produced.  Given the minimal burden Defendants

---

[1] Woods initially also sought related training materials, but has not pursued that request in the letter brief he filed with the Court.

face to produce a single policy document, the Court concludes that the policy is sufficiently relevant and proportional to the needs of the case to warrant production under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendants are ORDERED to produce the policy at issue.

Each party also accuses its opponent of failing to comply with this Court's orders regarding discovery disputes. From the limited record available, it appears that neither party made a good faith effort to negotiate this relatively unimportant issue to a reasonable compromise. The Court declines to address the issue of procedural compliance further at this time, but admonishes both parties to comply with both the letter and spirit of the Court's standing order and case management order to resolve any further discovery disputes.

**IT IS SO ORDERED.**

Dated: February 2, 2021

JOSEPH C. SPERO
Chief Magistrate Judge